UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY LAMBERT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:06-cv-291-SEB-VSS |
| ) | |
| STEVE OUTLAW, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Jeffrey Lambert for a writ of habeas corpus must be **denied.**

**I. Background**

Lambert was convicted in an Indiana state court in 2004 of child molesting. His conviction was affirmed on direct appeal in *Lambert v. State,* No. 49A02-0406-CR-502 (Ind.Ct.App. December 23, 2004). He is currently on parole with respect to the sentence imposed for that conviction. His parole officer, named in his official capacity only, is **substituted** as the respondent in this action.

Lambert seeks habeas corpus relief with respect to the conviction just described. Because he has withdrawn claims that he was denied the effective assistance of counsel both at trial and in the direct appeal, his single claim here is his challenge to the sufficiency of the evidence. This renders the respondent's argument that the action should be dismissed based on the failure to exhaust available state court remedies as to each of his claims inapplicable.

**II. Discussion**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of Lambert's habeas action is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). The AEDPA "place[s] a new constraint" on the ability of a federal court to grant habeas corpus relief to a state prisoner "with respect to claims adjudicated on the merits in state court." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561. "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

> In determining whether a state court has fallen afoul of the "unreasonable application" branch of AEDPA, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411, 120 S. Ct. 1495. The federal court may act only if the state court's decision is "objectively unreasonable." *Id.* at 409, 120 S. Ct. 1495. This court has defined "objectively unreasonable" as "lying well outside the boundaries of permissible differences of opinion," *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002); we will allow the state court's decision to stand if it is "one of several equally plausible outcomes." *Hall v. Washington,* 106 F.3d 742, 749 (7th Cir. 1997).

*Burgess v. Watters,* 467 F.3d 676, 681 (7th Cir. 2006).

A challenge to the sufficiency of the evidence is analyzed in a federal habeas proceeding by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A federal habeas court is not entitled to reweigh the evidence under the guise of assessing its sufficiency. *Id.* at 319.

The evidence supporting Lambert's conviction was summarized in his direct appeal in the following language:

> A review of the facts favorable to the verdict shows that KH was Lambert's ten-year-old niece. While at a family gathering Lambert and KH were in the basement of a house. Lambert suggested that he and KH play hide and seek. Lambert told KH that if he caught her he would tickle her in her ticklish spot. KH hid and was found by Lambert whereupon he approached KH from behind and placed his hands into her pants and underwear. Lambert then moved his hand on KH's genitalia. KH managed to escape.

*Lambert v. State*, No. 49A02-0406-CR-502, at p. 2. Lambert maintains that the evidence is insufficient because [t]there was no evidence that Mr. Lambert touched KH's genitals, or that he had any intent to arouse."

Lambert argues that the reference in the appellate opinion to him having "moved his hand on KH's genitalia" is not accurate. He does not claim that, as summarized, the evidence would have been insufficient under *Jackson* to support the jury's verdict. The pivotal question, therefore, is whether Lambert has shown that the state court decision–and in particular, the characterization in his appeal that he "moved his hand on KH's genitalia" --was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(2)

"On habeas review, we presume that the factual findings of the state appellate court are correct in the absence of clear and convincing evidence to the contrary." *Baddelle v. Correll,* 452 F.3d 648, 659 (7th Cir. 2006) (citing 28 U.S.C. § 2254(e)(1) and *Ruvalcaba v. Chandler,* 416 F.3d 555, 559 (7th Cir. 2005). In a setting such as this, Lambert "has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Lamon v. Boatwright,* 467 F.3d 1097, 1102 (7th Cir. 2006) (quoting § 2254(e)(1) and citing *Rice v. Collins,* 126 S. Ct. 969, 974 (2006))

Lambert has not met this burden. At the time of her testimony, KH was 12 years of age. At the time of the incident, she was 10 years of age. KH was Lambert's niece. During the game of hide and seek, Lambert located KH, approached her from behind and placed his hands into her pants and underwear. Lambert concedes that the intent to arouse or satisfy sexual desires may be inferred from evidence that the defendant intentionally touched a child's genitals. KH testified that Lambert stuck his hand "pretty far" down the front of her pants and that he "started moving his hand" once it was in her pants. In doing so, he "tickle[d]" KH, according to her testimony. This prompted her to jerk away, because she knew "that was where [she] wanted to be tickled." Lambert states that "a reasonable inference is that he did not intentionally stick his hand under her pants," but this inverts the "any rational trier of fact" test in *Jackson.* The Indiana Court of Appeals recognized that "[m]ere touching alone is not sufficient to constitute the crime of child molesting." *Lambert v. State,* No. 49A02-0406-CR-502, at p. 3 (citing *Craun v. State,* 762 N.E.2d 230, 239 (Ind.Ct.App. 2002)), but also that the intent to arouse or satisfy sexual desires "may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual consequence to which such conduct usually points." *Id.* at pp. 3-4. The Indiana Court of Appeals then, noting that the evidence was that Lambert put his hands underneath KH's pants and underwear, reached down "pretty far" and then moved his hand, concluded that "[t]hese facts and the inferences to be drawn therefrom are sufficient to prove the intent element of child molesting." *Id.* at p. 4. Lambert has not shown by clear and convincing evidence, nor by any evidence at all, that the facts on which the above statements are based are not correct. The findings of fact are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Lambert under § 2254(d)(2). See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations).

When considering Lambert's challenge to the sufficiency of the evidence, this court must presume that the jury resolved all reasonable inferences in the State's favor. *Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987). "The state court decision is reasonable if it is 'minimally consistent with the facts and circumstances of the case.'" *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (quoting *Schaff v. Snyder,* 190 F.3d 513, 522 (7th Cir. 1999)), *cert. denied*, 528 U.S. 1057 (2003). The Indiana Court of Appeals' assessment of the sufficiency of the evidence provided Lambert and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. The determination by the Indiana Supreme Court that the evidence was sufficient thus did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Lambert is not entitled to relief based on this claim.

### III. Conclusion

This court has carefully reviewed the state record in light of Lambert's claim and has given such consideration to that claim as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Lambert to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 01/10/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana